TEMPLE v. GOLDSMITH.

1. STATUTE OF FRAUDS—ORIGINAL PROMISE—QUESTION FOR JURY.
   Plaintiff furnished lumber for an improvement made by F. to
   defendant's house. Plaintiff testified that he said to defend-
   ant, "If I furnish the lumber for you, I am not going to
   charge it up to F., I will charge it to you;" that such was the
   understanding; that defendant said he wanted F. to furnish
   the lumber himself, so he could get his pay out of F., who
   owed him; that plaintiff said, "I cannot furnish the lumber
   for F. to pay his old bills;" and that defendant replied, "I
   think there will be enough in the job to pay me, and you for
   your lumber too." Another witness gave testimony from
   which it could be inferred that the credit was given to defend-
   ant, and was so understood by him. *Held*, sufficient to justify
   the submission to the jury of the question of an original
   promise by defendant.

2. SAME—EVIDENCE—BOOKS OF ACCOUNT—HARMLESS ERROR.
   Error, if any, in permitting plaintiff in such case to introduce
   in evidence his books of account, showing that the lumber was
   charged to defendant, was cured by an instruction that the fact
   that the charge was made to defendant was important only in
   case the jury should find that it was so charged by the
   authority or with the assent of defendant.

Error to Wayne; Grove, J., presiding. Submitted
June 10, 1898. Decided September 20, 1898.

*Assumpsit* by Albert E. Temple against Earl Gold-
smith for goods sold and delivered. From a judgment
for plaintiff, defendant brings error. Affirmed.

*James H. Pound*, for appellant.

*Cutcheon, Stellwagen & Fleming*, for appellee.

GRANT, C. J. This is a suit for $34, brought to re-
cover for a bill of lumber alleged to have been sold by
plaintiff to defendant. Defendant, desiring an improve-
ment upon his house, solicited one Fisher, a carpenter, to
bid. Fisher obtained the plaintiff's assistance in estimat-

ing the cost, and $55 was the sum fixed as a safe bid. Defendant afterwards saw plaintiff, and asked him' if Fisher had been there to get lumber. After detailing the conversation with Fisher, plaintiff testified: "I said [to defendant]: 'Earl, if I furnish the lumber for you, I am not going to charge it up to Fisher; I will charge it to you.' That was the understanding." Defendant said he "wanted Fisher to furnish the lumber himself, so he could get his pay out of Fisher; that he owed him; and I said, 'I cannot furnish the lumber for Fisher to pay his old bills;' and he said, 'I think there will be enough in the job to pay me, and you for your lumber too.'" One other witness gave testimony from which it may be inferred that the credit was given by plaintiff to defendant, and that defendant so understood it.

1. It is urged that there was no evidence of an agreement or original promise on the part of defendant. We think that the evidence was sufficient to justify the submission of the question to the jury. It was debatable whether plaintiff trusted Fisher or defendant, and whether it was agreed that the credit should be given to defendant. The question was not so clear as to justify the court in disposing of the question.

2. Plaintiff was permitted to introduce in evidence his book of accounts, which he himself kept, showing the amount of lumber, and that it was charged to defendant. This is alleged as error, under *Hodges* v. *Power Co.*, 109 Mich. 547. If this was error, it was cured by the instruction of the court that the fact that the charge was made to the defendant was only important in case they should find it was so charged by the authority or with the assent of the defendant. Taking this in connection with the instruction that the sole question in the case was whether the agreement 'was "that the lumber should be charged to defendant, and that the defendant obligated himself to pay for it," we think there was no error.

Judgment affirmed.

The other Justices concurred.